**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LINDA C. TOM,
Plaintiff-Appellant,

v.

NORTHWEST AIRLINES, INCORPORATED;

No. 99-2292

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, AFL-CIO,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-98-2218-L)

Submitted: June 30, 2000

Decided: August 30, 2000

Before MURNAGHAN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Francis A. Pommett, III, LAW OFFICES OF FRANCIS A. POM-
METT, III, P.C., Baltimore, Maryland, for Appellant. John J. Gal-
lagher, Kenneth M. Willner, Kimberly M. Zywicki, PAUL,
HASTINGS, JANOFSKY & WALKER, L.L.P., Washington, D.C.,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Linda C. Tom appeals from the district court's order granting summary judgment on her Title VII and Age Discrimination in Employment actions filed against her employer, Northwest Airlines, Incorporated.* Tom claims that the district court erred in granting summary judgment on her claims of disparate treatment, hostile work environment, and failure to promote. Based on our review of the briefs, the record, and the relevant caselaw, we affirm the judgment of the district court.

This court reviews de novo a district court's grant of summary judgment, and affirms only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). In order to avoid summary judgment, however, the nonmoving party must provide "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citation and internal quotation marks omitted). When there is a complete failure of proof by the nonmovant on one of the elements of the cause of action, all other material questions of fact are necessarily rendered immaterial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

We have examined the briefs and the record and find no reversible error with respect to the district court's grant of summary judgment on her claim of disparate treatment. See Reeves v. Sanderson Plumbing Prods., Inc., ___ U.S. ___, ___, 2000 WL 743663, at *6 (U.S. June 12, 2000) (No. 99-536) (once an employee has established her prima facie case of discrimination, she must prove that the employer's

_____

*Tom raises no claims on appeal as to the grant of summary judgment in favor of the International Association of Machinists and Aerospace Workers, AFL-CIO.

legitimate, nondiscriminatory reason was "unworthy of credence" or was otherwise false).

We similarly find that, even assuming that Tom set forth a prima facie case for a hostile work environment claim based upon the events included in her 1995 and 1996 administrative charges, the district court properly granted summary judgment as to these claims. See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) ("[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the `terms and conditions of employment.'"). Accordingly, we affirm the court's order granting summary judgment on these two claims.

We further find that, even assuming Appellant set forth a prima facie case for discrimination with respect to her promotion claims, the district court nonetheless properly granted summary judgment as to these claims. Appellee adduced evidence, in the form of affidavits and documentary evidence which the district court found to be uncontradicted, to support its claim that the promotion decisions at issue were made solely on the basis of seniority. Appellant proffered no evidence from which a trier of fact could find that Appellee's asserted justification was false. Accordingly, we affirm the court's order granting summary judgment on the failure to promote claims.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3